UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-10094-CIV-MOORE/GARBER

JEAN FRANCOIS HUCHON,

    Plaintiff,

v.

MICHAEL JANKOWSKI and ALAMO
FINANCING, L.P., a foreign limited partnership,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand (DE # 7). Defendants filed a Response in Opposition (DE # 8) in which they state that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00. Plaintiff filed a Reply (DE # 9) and an Amended Reply (DE # 15).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order:

### I. BACKGROUND

In August, 2006, Plaintiff filed a two-count complaint in the Sixteenth Judicial Circuit in and for Monroe County, Florida, based on an automobile and motor scooter accident which occurred on or about February 22, 2006. Count I of the Complaint alleges Michael Jankowski ("Jankowski") was negligent in his operation of a motor vehicle, resulting in a collision with, and injury to, Plaintiff. Compl. at 3-4. In Count II, Plaintiff claims Defendant Alamo Financing, L.P. ("Alamo") is vicariously liable for his injuries, as owner of the motor vehicle driven by Jankowski. Compl. at 5-7. Defendants filed a Notice of Removal (DE # 1) claiming diversity of citizenship. Plaintiff moved for this Court to remand, arguing the removal was defective. Pl. Mot. for Remand at 1.

## II. DISCUSSION

On a motion to remand, "the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir.1996)). The removal statute should be construed narrowly with doubt construed against removal. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941). This strict construction of removal statutes prevents "exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction . . . ." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

Subject matter jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). Diversity jurisdiction requires complete diversity between named plaintiffs and defendants. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n. 2 (1999) (citing Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267 (1806)). For purposes of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005) (citing 28 U.S.C. § 1332(c)(1)). "A corporation's principal place of business is determined by looking at the 'total activities' of the corporation." Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). "This analysis incorporates both the 'place of activities' test (focus on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policymaking functions of the corporation)." Vareka Invs., N.V. v. Am. Inv. Prop., Inc., 724 F.2d 907, 910 (11th Cir. 1984). The burden for establishing federal subject matter jurisdiction rests with the party invoking federal jurisdiction. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir.

2

2002) (per curiam). That party must prove, by a preponderance of the evidence, the facts supporting federal jurisdiction. See id.

Plaintiff claims the Complaint does not provide a basis for diversity jurisdiction, as it does not make allegations about the citizenship of the Defendants, only about their states of residence. Pl. Mot. for Remand at 3. Plaintiff also claims the Notice of Removal fails to allege the citizenship of Jankowski, noting only his residence in Buffalo, New York, or the citizenship of either Defendant at the time of the Complaint or the removal. Id. at 5. Plaintiff argues that this Court cannot look to the Affidavit of Michael Jankowski, attached as an exhibit to the Notice of Removal, for this allegation, as Plaintiff suggests such an affidavit is not allowed under the relevant statute, and if it were, the affidavit is technically defective. Id. at 6. Plaintiff does not claim that diversity does not exist, merely that it is not sufficiently or properly pled. See generally, id.

When diversity of citizenship is the basis for federal jurisdiction, the diversity must exist at the time of the Complaint. OJB, Inc. v. Dowell, 650 F. Supp. 42, 43-44 (N.D. Tex. 1986); see generally, 14B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723 (1998) (hereinafter "Federal Practice and Procedure"). The allegations of diversity, however, are not required to exist in the Complaint. Davis v. Cluet, Peabody & Co., 667 F.2d 1371, 1373 (11th Cir. 1982), reh'g denied, 673 F.2d 1342 (11th Cir. 1982); Woolard v. Heyer-Schulte, 791 F. Supp. 294, 295-97 (S.D. Fla. 1992); Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1077 (M.D. Fla. 1978); Federal Practice and Procedure § 3723. This Court may consider other filings, in addition to the Plaintiff's Complaint.

Defendants' Notice of Removal (DE # 1) contains sufficient allegations to sustain removal of this case to federal court, and the allegations are not contradicted by Plaintiff. The

Notice alleges Plaintiff "at all times material to the Complaint, was and is a Florida resident domiciled in Monroe County, Florida." Notice of Removal at ¶ 12. It alleges Defendant Alamo, "at all times relevant in this action, was and is a Delaware Limited Partnership that has its principal place of business in the State of Oklahoma [and therefore] is a citizen of the States of Delaware and Oklahoma." Id. at ¶ 13. The allegations regarding Defendant Jankowski's citizenship are less direct, as Defendants claim he "was and is a natural person and resident of the [sic] Buffalo, New York" and alleging Plaintiffs have already admitted "Mr. Jankowski's foreign domicile." Id. at ¶ 14. Defendants also specifically allege diversity in their Notice. Id. at ¶15. The Notice does contain sufficient allegations regarding diversity.

### III. CONCLUSION

As plaintiff merely argues the pleading is insufficient, but does not contest the existence of actual diversity, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Remand (DE #7) is DENIED. Defendants have sustained their burden that jurisdiction in this Court is proper under 28 U.S.C. § 1332 and, therefore, remand to Florida state court is unwarranted.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of January, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record
     U.S. Magistrate Judge Barry L. Garber